UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| TEDD E. JOJOLA, | Case No. 5:19-CV-01389-DMG-ADS |
|---|---|
| Plaintiff, | |
| v. | ORDER TO SHOW CAUSE |
| RIVERSIDE SUPERIOR COURT, | |
| Defendant. | |

## I. INTRODUCTION

Pending before the Court is a Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner Tedd E. Jojola, a California state prisoner.

## II. SCREENING REQUIREMENT

Under Rule 4 of the Rules Governing Section 2254 Cases, this court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. Pursuant to Rule 4, this court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

The Court's review of the Petition, the Court's own records, and public records reveals that Petitioner has used the wrong form, filed a Petition that is incomplete, and which fails to meet the exhaustion requirement.[1] For the reasons discussed below, Petitioner is **ORDERED TO SHOW CAUSE** in writing **within twenty-eight (28) days** of the service of this Order why the instant Petition should not be dismissed.

## II. THE PETITIONER DOES NOT PROVIDE SUFFICIENT INFORMATION

### A. Wrong Form

Petitioner submitted the Petition on a form that has not been approved by this Court. "A petition for writ of habeas corpus or a motion filed pursuant to 28 U.S.C. § 2255 shall be submitted on the forms approved and supplied by the Court." Central District of California Local Rule 83-16.1. The Central District of California requires that habeas petitions be submitted on Form CV-69. This Court adheres to the practice of asking a petitioner who has not used the local form to submit his petition on the local form. See Rules Governing § 2254 Cases, Rule 2(d), 28 U.S.C. foll. § 2254, Advisory Committee Notes – 2004 Amendment (acknowledging this practice with respect to the standard "national" form). Therefore, the Court directs the Clerk of the Court to serve with this Order Central District forms CV-69 and CV-76A.

---

[1] Where necessary, the Court takes judicial notice of the public records. See Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); United States v. Wilson, 631 F.2d 118, 11 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases."); Harris v. County of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012) (holding that a court may take judicial notice of undisputed matters of public record).

### B. Insufficient Information

Petitioner has not completed the Petition with sufficient essential information for the Court to proceed. A petition for habeas corpus must state the facts supporting each ground for relief. See Rules Governing § 2254 Cases, Rule 2(c)(1)–(2), 28 U.S.C. foll. § 2254 ("The petition must (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground . . . ."). While incomplete information is not generally outcome determinative of a habeas action, in this instance, providing important details may provide the Court with the necessary information to allow the case to proceed to service on the respondent. For example, without the Petitioner's <u>date of sentence</u>, the Court cannot determine whether the Petition is timely. Further, without Petitioner's <u>criminal case number</u>, the Court cannot fully evaluate whether Petitioner has exhausted all available state judicial remedies. Therefore, Petitioner has used the wrong form and has failed to provide sufficient information and, until Petitioner has done so, this Court cannot entertain his Petition.

### III. THE PETITION APPEARS TO BE WHOLLY UNEXHAUSTED

There is no question that the exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). "Under the exhaustion requirement, a habeas petitioner challenging a state conviction must first attempt to present his claim in state court." <u>Harrington v. Richter</u>, 562 U.S. 86, 103 (2011); <u>see also</u> <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999) ("[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts"). The Court may raise the failure to exhaust issue <u>sua sponte</u> and may summarily dismiss on these grounds. See <u>Aiken v. Spalding</u>, 841 F.2d 881, 883 (9th

Cir. 1988); see also Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981) (noting that a district court can dismiss a habeas corpus petition for failure to exhaust); Stone v. City and County of San Francisco, 968 F.2d 850, 855–56 (9th Cir. 1992) ("In habeas corpus cases . . . federal courts may consider sua sponte whether the defendant has exhausted state remedies . . . .").

As a matter of comity, a federal court will not entertain a habeas petition unless the petitioner has exhausted the available state judicial remedies on every ground for relief presented in the petition. See Rose v. Lundy, 455 U.S. 509, 518–22 (1982). A petitioner has the burden of demonstrating that he has exhausted available state remedies. See e.g., Cartwright, 650 F.2d at 1104. To satisfy the exhaustion requirement, a habeas petitioner must "fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its petitioners' federal rights." Duncan v. Henry, 513 U.S. 364, 365–66 (1995); see also Ybarra v. McDaniel, 656 F.3d 984, 991 (9th Cir. 2011) (explaining that a "claim has been exhausted if the state courts have in fact ruled on its merits").

Exhaustion requires that a petitioner's claims be fairly presented to the highest court in the state court system, even if that court's review is discretionary. See O'Sullivan, 526 U.S. at 845–47 (1999) (holding that petitioners' right to raise claims through a petition for discretionary review in the state's highest court satisfies 28 U.S.C. § 2254(c) requirements); Baldwin v. Reese, 541 U.S. 27, 29 (2004) (explaining that a state prisoner must fairly present his claim to a state supreme court with powers of discretionary review to alert "that court to the federal nature of the claim"). For a petitioner in California state custody, this generally means the petitioner must have fairly presented his claims to the California Supreme Court. See O'Sullivan, 526 U.S.

at 845 (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California).

Review of the Petition reflects that Petitioner did not fully exhaust his claims in state court. First, the Petition states that Petitioner did not appeal the judgment of conviction. [Dkt. No. 1, p. 5]. Second, a review of the California Appellate Courts Case Information website did not reveal any records of a prior state appeal or state habeas petition filed by Petitioner in either the California Court of Appeal or California Supreme Court. See California Appellate Courts Case Information 4th Appellate District, http://appellatecases.courtinfo.ca.gov. Therefore, it appears from the face of the Petition that Petitioner has failed to meet his burden of demonstrating that he has fully exhausted his available state remedies.

## IV. **PETITIONER IS ORDERED TO SHOW CAUSE**

Petitioner is **ORDERED TO SHOW CAUSE** in writing **within twenty-eight (28) days** of the service of this Order why the Court should not dismiss this action.

In his response to this Order, Petitioner must file a Petition using the correct (Form CV-69), must provide complete information regarding his case, and must explain whether his claim(s) have been exhausted by full and fair presentation to the California Court of Appeal and California Supreme Court. In the alternative, Petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a).

**Petitioner is expressly warned that his failure to timely respond to this Order may result in the Petition being dismissed for the reasons stated above, for failure to prosecute and/or failure to obey Court orders.**

Dated: September 20, 2019

       /s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge